**UNITED STATES DISTRICT COURT**
**FOR THE WESTERN DISTRICT OF NORTH CAROLINA**
**CHARLOTTE DIVISION**
**Case No. 3:26-CV-856**

AMBER JORDAN HOLSTON, an individual,

Plaintiff,

v.

R5 BRANDS LLC D/B/A TRUE NUTRA, a Wyoming Limited Liability Company

Defendant.

**COMPLAINT FOR COPYRIGHT INFRINGEMENT, COMMON LAW TORTIOUS MISAPPROPRIATION (RIGHT OF PUBLICITY), AND STATUTORY UDTPA VIOLATIONS.**

Plaintiff Amber Jordan Holston ("Amber Holston" or "Plaintiff"), by and through the undersigned counsel, and for her causes of action against R5 Brands LLC d/b/a True Nutra ("Defendant"), alleges and says as follows:

## NATURE OF THE ACTION

1. This action arises under the federal Copyright Act, 17 U.S.C. § 501 *et seq.*, and North Carolina state common and statutory law.

## THE PARTIES

2. Plaintiff Amber Jordan Holston is a social media content creator and brand influencer on Tik Tok who creates video content and shares bargain finds, discounts, and shopping tips across a range of products. Amber's residence is in Huntersville, North Carolina 28078.

3. Upon information and belief, Defendant R5 Brands LLC d/b/a True Nutra is a Wyoming limited liability company organized and existing under the laws of the State of Wyoming and maintaining its principal place of business at 30 North Gould Street, Suite N, Sheridan, Wyoming 82801. Upon information and belief, its members are citizens of Wyoming.

## JURISDICTION AND VENUE

4. This Court has subject matter jurisdiction pursuant to 28 U.S.C. § 1331 (federal question), because this action alleges infringement of a federally registered copyright, inter alia, and supplemental jurisdiction under 28 U.S.C. § 1367 with respect to the claims arising under the laws of the State of North Carolina. This Court also has diversity jurisdiction over this action pursuant to 28 U.S.C. § 1332(a) because Plaintiff and Defendant are citizens of different states (North Carolina and Wyoming) and the amount in controversy exceeds $75,000, exclusive of interest and costs.

5. This Court has personal jurisdiction over Defendant pursuant to N.C. Gen. Stat. § 1-75.4, North Carolina's long-arm statute, and consistent with due process because, inter alia, Defendant, directly and through the direction, control, and active participation of its officers, agents, or affiliates, operates an interactive website that willfully infringes Amber Holston's registered copyrights and right of publicity interests and not only is accessible to users within this District but is specifically directed to consumers nationwide including in this District. Defendant's actions have affected commerce in the State of North Carolina and Amber Holston has suffered the brunt of the harm resulting from the Defendant's action in this District, including lost revenues and profits, and injury to her reputation and goodwill.

6. Venue is proper in this District pursuant to 28 U.S.C. § 1400 because this District is the situs of the harm resulting from the Defendant's actions alleged herein and where the Defendant may be found.

<u>**GENERAL ALLEGATIONS**</u>

*The Nature of Amber Holston's Business*

7. Plaintiff has obtained copyright registrations from the United States Copyright Office for the four videos at issue in this case. These include Video 1 registered on 08/25/2026 under PA 2-601-282, Video 2 registered on 09/02/2026 under PA 2-602-098, Video 3 registered on 09/02/2026 under PA 2-602-091, and Video 4 registered on 09/02/2026 under PA 2-602-087, respectively (hereafter "Works"). Amber Holston's copyright registrations for the Works are attached hereto as Exhibit "**A**." These Works were first published on June 29 and June 30, 2026, and registered within 90 days of publication.

8. Amber Holston is known for deal-hunting and coupon accounts across social media—including accounts focused on Target clearance (@amber.coupons on Instagram), Amazon home finds (@ambergenxugc), and general online thrifting—the specific handle @amberfindsdeals refers to her short-form video page centered on product bargains.

9. Plaintiff made the Works herself for a client, and published them, and retained all copyright interests in and to the Works.

<u>*Defendant's Unauthorized and Confusing Use of Amber Holston's Videos*</u>

10. Amber Holston discovered that Defendant is using her face, likeness, voice, and Works in at least 12 active paid Meta advertisements. Attached hereto as Exhibit "**B**" and incorporated herein by reference are true and correct screenshots of the infringing posts. Amber Holston's original Works were created to promote a different company's supplement. Defendant has taken those videos and is using the Works, and Plaintiff's persona, likeness, image and voice, to advertise and direct consumers to purchase a completely different supplement that she never used, reviewed, recommended, or endorsed. This creates the false impression that she endorses Defendant and its products. For example, below is a screenshot of one of Amber's videos in one

of Defendant's ads:




**COUNT I**
**(Copyright Infringement, 17 U.S.C. §501)**

11. Amber Holston realleges and incorporates by reference the allegations of Paragraphs 1 through 10, inclusive, as though fully set forth.

12. Amber Holston is the owner of the federally registered copyrights PA 2-601-282, PA 2-602-098, PA 2-602-091 and PA 2-602-087, which were published on June 29, 2026, and June 30, 2026, which Works substantially consists of wholly original material that constitutes copyrightable subject matter under the laws of the United States.

13. The Works are original works of authorship created by Plaintiff who retains all copyright ownership interest in the videos.

14. Each of the Works is individually economically valuable.

15. Defendant has engaged, and continues to engage, in the unauthorized use of Amber's copyright in commerce by way of downloading, reproducing, publicly displaying and offering for public distribution, as well as derivatizing, Plaintiff's Works. As such, Defendant has directly, vicariously, and/or contributorily infringed, and unless enjoined, will continue to infringe Plaintiff's copyright by reproducing, displaying, distributing, and utilizing the Works for purposes of trade without authorization of or payment to Plaintiff in violation of 17 U.S.C. § 501 et seq.

16. Defendant has received benefits in connection with the unauthorized reproduction, distribution, and utilization of the Works for purposes of trade, including by increasing the traffic to their websites and use of their services, and augmented advertising and sales on information and belief.

17. Defendant did not seek a license or consent to use the Works.

18. Plaintiff has not licensed or authorized Defendant's uses of the Works.

19. Defendant's actions were knowing and willful efforts to exploit the Works that it knew it had no authority to use which was done to commercially benefit itself and its products all knowingly done without justification or authority.

20. As a damages election, Plaintiff is entitled to an award of statutory damages.

21. As a result of the Defendant's wrongful acts alleged herein, Plaintiff has suffered and is suffering damage to her business in the form of diversion of trade, loss of profits, injury to goodwill and reputation, and the dilution of the value of its rights, all of which are not yet fully ascertainable and which damages are available under the Copyright Act.

22. As a result of the foregoing acts of copyright infringement by Defendant, Amber

Holston is entitled to recover any profits earned by the Defendant as a result of such wrongful actions, according to proof at trial. By reason of the acts of the Defendant alleged herein, Amber Holston has suffered, is suffering, and will continue to suffer, irreparable damage unless Amber Holston is granted, preliminary during the pendency of this action, and thereafter permanently, an injunction preventing the Defendant from continuing its unlawful actions.

23. Plaintiff is also entitled to her attorneys' fees and costs in prosecuting this action.

**<u>COUNT II</u>**
**(North Carolina Tortious Misappropriation Name and Likeness/Invasion of Privacy)**

24. Amber Holston realleges and incorporates by reference the allegations of Paragraphs 11 through 23, inclusive, as though fully set forth.

25. Defendant knowingly used Plaintiff's name, likeness, image, voice and/or persona and identity to advertise and sell its commercial products, including to incite users into clicking onto its website or commercial online presence from ads using Plaintiff's likeness, image, voice and persona as well as to close sales.

26. Defendant did not have permission from Plaintiff to use her likeness, persona, image, voice or videos in their commercial enterprise to advantage itself.

27. Defendant benefitted and still benefits financially from the unauthorized use of Plaintiff's name, likeness, image, voice and/or persona and identity and the misappropriation of Plaintiff's name, likeness, image, voice and/or persona and identity caused her to sustain injury, damage, loss, and harm.

28. As a direct and proximate result of Defendant's actions, which intentionally diminish the value of her identity, Plaintiff suffered damages in an amount to be proven at the time of trial for dignitary injury. Moreover, as a proximate result of Defendant's false statements, Defendant has received profits from and attributable to the unauthorized use for which Plaintiff is

entitled to recover.

29. In committing the acts alleged herein, Defendant acted willfully, maliciously, oppressively, fraudulently, and in wanton disrespect of Plaintiff's interests and rights, and so Plaintiff is therefore entitled to punitive and/or exemplary damages.

## COUNT III
## (Unfair and Deceptive Trade Practices Act, N.C. Gen. Stat § 75-1.1)

30. Amber Holston realleges and incorporates by reference the allegations of Paragraphs 1-10 and 24-29, inclusive, as though fully set forth.

31. Defendant's conduct described herein is an unfair and deceptive practice affecting interstate commerce.

32. Defendant's conduct described herein is unfair, immoral, unethical, oppressive, unscrupulous and against public policy and is deceptive because it deceives and has the tendency to deceive and has caused proximate injury to Plaintiff.

33. Plaintiff is entitled to damages, and trebling of damages, as well as attorney's fees.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff Amber Holston prays for judgment against Defendant, as follows:

1. That the Court enter judgment in favor of Amber Holston and against the Defendant;
2. That the Court preliminarily and permanently enjoin the Defendant and their agents, servants, employees, members, limited partners, attorneys, parent, subsidiary, and related companies and all persons acting for, with, by, through, or under them from using, reproducing, publicly displaying, downloading, making available for download, and derivatizing the Works.
3. That Defendant be held liable to Plaintiff in statutory damages for copyright infringement of each of the Works in accordance with 17 U.S.C. §§ 504 (a)(2) and

(c) and for costs, interest, and reasonable attorney's fees pursuant to 17 U.S.C. § 505.

4. That an accounting be made for all profits, income, receipts, or other benefit derived by the Defendant from the reproduction, copying, display, promotion, distribution, or sale of products and services, or other media, either now known or hereafter devised that improperly or unlawfully infringes upon Plaintiff's copyright pursuant to 17 U.S.C. § 504 (a)(1) and (b).

5. Requiring Defendant to account for and pay over to Plaintiff all profits derived by the Defendant from their acts of copyright infringement and to reimburse Plaintiff for all damages suffered by Plaintiff by reasons of Defendant's acts, pursuant to 17 U.S.C. §§ 504 (a)(1) and (b).

6. For Actual damages for copyright infringement pursuant to 17 U.S.C. §§ 504 (a)(1) and (b).

7. For Damages for misappropriation.

8. For Damages for statutory unfair and deceptive acts.

9. That the Court award Amber Holston treble damages or punitive damages as provided by N.C. Gen. Stat. § 75-16;

10. That the Court award Amber Holston her attorneys' fees and costs incurred in the prosecution of this action, as provided by the Copyright Act and by N.C. Gen. Stat. § 75-16.1;

11. For costs of suit; and

12. For such other and further relief as the Court may deem just and equitable.

## **DEMAND FOR JURY TRIAL**

Pursuant to Rule 38(b) of the Federal Rules of Civil Procedure, Plaintiff Amber Jordan Holston, hereby demands trial by jury of all issues and claims so triable in this action.

Dated: October 9, 2026

*/s/ E. Winslow Taylor*
Taylor & Taylor Attorneys at Law, PLLC
Bar No. 45533
1080 W. Fourth St.
Winston-Salem, NC 2701
Telephone (336) 418-7445
Email: winslow@t2legal.com
Peter R. Afrasiabi *(Pro Hac Vice forthcoming)*
Kurt Schuettinger *(Pro Hac Vice forthcoming)*
One LLP
23 Corporate Plaza, Suite 150-105
Newport Beach, CA 92660
Telephone (949) 502-2870
Email: pafrasiabi@onellp.com
Email: kschuettinger@onellp.com
*Attorneys for Plaintiff,*
Amber Jordan Holston